## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL M. MILLER,** | : | **CIVIL ACTION NO. 3:23-CV-1165** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **BRETT OSAUSKI,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Paul M. Miller, alleges civil rights violations during his previous detention in Columbia County Prison ("CCP"). The case is proceeding on an amended complaint, which defendants have moved to dismiss. The motion will be granted, and Miller's amended complaint will be dismissed with prejudice as untimely.

### I.    Factual Background & Procedural History

Miller filed this case on July 7, 2023, and the court received and docketed his complaint on July 13, 2023. (Doc. 1). The case was initially assigned to United States District Judge Malachy E. Mannion. Defendants moved to dismiss the complaint. (Docs. 20, 25).

Judge Mannion granted the motions to dismiss on July 22, 2024, dismissing all claims against defendant Knecht with prejudice on the basis of judicial immunity, dismissing all claims against defendant Osauski as untimely, dismissing all claims against defendants Nye and Burns without prejudice for failure to allege personal involvement, and granting Miller leave to file an amended complaint

against Osauski, Nye, and Burns. (Docs. 75-76). Miller timely filed an amended complaint on August 8, 2024. (Doc. 77).

According to the amended complaint, Miller was in his cell in CCP on March 26, 2021, when defendant Osauski, a correctional officer in the prison, entered the cell for a cell inspection in a "hostile manner." (Id. at 4). Osauski and other correctional officers handcuffed Miller, and Miller allegedly complied with the handcuffing. (Id.) As Miller and the officers walked through the housing unit, Osauski allegedly verbally "taunt[ed]" Miller. (Id.) As they were walking through the dayroom of the prison, Osauski allegedly ran in front of Miller and the other officers, stopped them from exiting the unit, grabbed Miller by the throat, and repeatedly punched him in the side of his face. (Id.) Osauski also purportedly tried to grab Miller around his legs so that he could "slam" him on the ground. (Id.)

Following this incident, defendant Nye, the prison's superintendent, allegedly placed Miller in the prison's restricted housing unit ("RHU"). (Id. at 4-5). Miller remained in the restricted housing unit until he was transferred out of the prison on April 29, 2021. (Id. at 5).

During the time that Miller remained in the RHU, a tooth infection that he had from before the incident with Osauski allegedly worsened. (Id.) Nye allegedly failed to provide a dentist to treat Miller. (Id.) Miller's tooth infection allegedly continued to cause him pain until after his transfer out of the prison. (Id.) Defendant Burns, the prison's deputy superintendent, also allegedly threatened to transfer Miller to another prison during his incarceration in CCP if Miller did not "chill out," which Miller perceived as a reference to his filing of grievances against

the defendants. (Id.) Burns also purportedly intercepted legal mail that Miller was attempting to mail out of the prison. (Id.) Miller was extradited to Alabama on unrelated pending charges on April 29, 2021. (Id.) He was transferred back to Pennsylvania on July 29, 2021. (Id.)

The amended complaint asserts violations of the First, Eighth, and Fourteenth Amendment by Osauski, Nye, and Burns. (Id. at 6). Miller acknowledges that his claims are untimely, but he asserts that the limitations period should be equitably tolled for the approximately three-month period when he was first in the RHU And then temporarily extradited to Alabama. (Id. at 5).

Defendants moved to dismiss the amended complaint on August 22, 2024, arguing, *inter alia*, that dismissal is appropriate because the case is untimely. (Doc. 80). Briefing on the motion is complete, and it is ripe for review. (Docs. 81-85). The case was reassigned to the undersigned on January 24, 2025, via a verbal order from Chief United States District Judge Matthew W. Brann.

## II.    <u>Legal Standard</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (quoting <u>Pinker v. Roche Holdings, Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in

the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers."

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97,

106 (1976)).

**III.**    **Discussion**

Miller brings his constitutional claims under 42 U.S.C. § 1983. Section 1983

creates a private cause of action to redress constitutional wrongs committed by

state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but

serves as a mechanism for vindicating rights otherwise protected by federal law.

See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d

1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a

deprivation of a "right secured by the Constitution and the laws of the United

States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204

(quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Civil rights complaints brought by inmates in Pennsylvania are governed by

Pennsylvania's two-year statute of limitations for personal injury actions.

Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017). The limitations period begins

to run on the date that the plaintiff knew, or should have known, of the injury upon

which the claim is based. Id. (citing Sameric Corp. of Del. v. City of Phila., 142 F.3d

582, 599 (3d Cir. 1998)). The untimeliness of a claim may be asserted in a motion to

dismiss if the untimeliness is apparent on the face of the complaint. Id.

In this case, it is clear from the face of Miller's original complaint and his

amended complaint that the case is untimely.  All of defendants' alleged actions

occurred prior to Miller's extradition to Alabama on April 29, 2021, but Miller did

not file this action until July 7, 2023, approximately two months after the expiration of the limitations period. (See Doc. 1). Miller concedes that the case is untimely, but he argues that the statute of limitations should be equitably tolled because he spent approximately three months of the limitations period either in the RHU or in Alabama pursuant to his extradition and had limited access to legal materials during that period. (Doc. 77 at 5-6; Doc. 82 at 3-4).

Equitable tolling for Section 1983 actions is governed by state law. Pearson v. Sec'y Dept. of Corrs., 775 F.3d 598, 602 (3d Cir. 2015). Pennsylvania law allows a statute of limitations to be equitably tolled "when a party, through no fault of its own, is unable to assert its right in a timely manner." Nicole B. v. Sch. Dist. of Phila., 237 A.3d 986, 995 (Pa. 2020) (citing DaimlerChrysler Corp. v. Commonwealth, 885 A.2d 117, 119 n.5 (Pa. Commw. Ct. 2005)). Plaintiffs bear the burden of proof to show that the limitations period should be tolled under Pennsylvania law. Swietlovich v. Bucks Cnty., 610 F.2d 1157, 1162 (3d Cir. 1979). A plaintiff must demonstrate that he was diligent in pursuing his claim to benefit from equitable tolling. Robinson v. Dalton, 107 F.3d 1018, 1023 (3d Cir. 1997).

Miller's equitable tolling argument is unavailing. He argues that the limitations period should be equitably tolled because he was either in the RHU or in Alabama for approximately three months and had limited access to legal materials in that period, (Doc. 77 at 5), but even assuming this impeded his ability to file the case for those three months, he still had approximately twenty-one months left in the limitations period after he was transferred back to Pennsylvania to file this case. Miller has not suggested that there were any impediments to timely filing the case

in those twenty-one months. Thus, he has failed to show that he was diligent in pursuing his claims. See Fisher v. Hollingsworth, 115 F.4th 197, 213-14 (3d Cir. 2024) (concluding that prisoner plaintiff failed to establish diligence for equitable tolling where defendant prison official provided misleading information that impeded plaintiff's ability to file, but plaintiff was then transferred to a different prison within the limitations period and failed to diligently pursue the claim after the transfer). Accordingly, his amended complaint will be dismissed with prejudice as untimely. Defendants' remaining arguments for dismissal will not be addressed.

## IV.    Conclusion

The motion to dismiss is granted.  The amended complaint will be dismissed with prejudice as untimely, and this case will be closed. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:        May 6, 2025